IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

In re:

MARSHALL EVAN TURNER,  ) Case No. 04-40267-drd
                       )
      Debtor.           )

## MEMORANDUM OPINION

The matter before the Court in this case is the objection by the Trustee to a claim by debtor Marshall Evan Turner ("Debtor") of a homestead exemption in 25 acres of real property on which certain storage facilities are located and which Debtor claims to have occupied on and before the date of the filing of the petition as a residence. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B).

The Trustee contends the property was designed and used for commercial purposes and is zoned that way and is therefore not a "dwelling house" subject to a legitimate claim of exemption under the applicable Missouri statute. Debtor contends that he has an ownership interest in the property, occupied it as a residence with intent to claim it as a homestead and that its commercial origins do not preclude its being considered a homestead and exempted. For the reasons stated below, the Court overrules the Trustee's objection and sustains the Debtor's claim of exemption in the property.

## I. BACKGROUND

On January 15, 2004, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code in this Court, which case was later converted to a Chapter 7 proceeding on June 7, 2004. In an Amended Schedule C, Debtor asserted a claim of exemption in the amount of $15,000, pursuant to Mo. Rev. Stat. § 513.475, in a tract described as consisting of 25 acres of

real property with storage facilities attached. According to the testimony, the real property consists of approximately 25 acres in two parcels and contains four structures which have been used as storage facilities rented to the public. Debtor testified that after May 2003, when he was separated from his wife, he has occupied a portion of one of those structures as a residence. Debtor testified that since that time he has lived in that building in space which includes a bed, a refrigerator, a microwave and his clothes. He claims to have slept there and fixed his meals there. An outside portable unit has provided bathroom facilities. Heat was provided by an electric baseboard heater. Although there was no plumbing in the building, or at least the portion occupied by Debtor, he satisfied those needs with bottled water and took showers at a local truck stop or houses of friends or family or simply sponged himself down. Debtor testified that others were aware that he had set himself up there to live, offering the testimony of his father, daughter and girlfriend, all of whom testified that he was residing there in January 2004 when he filed his Chapter 13 petition and for sometime thereafter. The property is of a mixed use from a zoning perspective, with the west half, on which debtor lived, subject to a commercial zoning designation, and the east half designated for agricultural purposes.

Debtor also scheduled an ownership interest in a residence located at 4138 Highway TT in Odessa, Missouri. This was listed as his address on the petition. Debtor testified, however, that he had not lived there since May 2003 when he separated from his wife, who occupied the home thereafter. He also testified that he did for a time get his mail at that address and for that reason listed it on the petition, but subsequently obtained a post office box to which his mail was forwarded.

II. DISCUSSION AND ANALYSIS

In Missouri, a debtor is entitled to claim an exemption in up to $15,000 in value of a dwelling house used by the debtor as a homestead. Mo. Rev. Stat. § 513.475(1). Exemption laws are enacted to provide relief to the debtor and are to be liberally construed in favor of the debtor. *In re Schissler*, 250 B.R. 697, 700 (Bankr. W.D. Mo. 2000); *In re Robinson*, 75 B.R. 985, 988 (Bankr. W.D. Mo. 1987); *In re Turner*, 44 B.R. 118, 119 (Bankr. W.D. Mo. 1984). As the party objecting to the exemption, the trustee has the burden of proof. Fed. R. Bankr. Proc. 4003(c). Generally, homestead requires both ownership and occupancy of the premises. *Schissler*, 250 B.R. at 700; *In re Dennison*, 129 B.R. 609, 610 (Bankr. E.D. Mo. 1991); *Robinson*, 75 B.R. at 988.

There is no question that Debtor had an ownership interest in the property claimed as exempt as of the date of the filing of the petition. Trustee questions Debtor's claim of occupancy by noting that the address shown on the petition is the property at 4138 Highway TT in Odessa. Debtor's testimony, however, is that he did not at the time of the filing of the petition actually live there, having established living quarters on the property he now claims as exempt in May 2003 when he separated from his wife. That testimony is not only uncontradicted, but is supported by the testimony of other witnesses who are aware that as of January 2004 and before, the Debtor lived on the property he claims as exempt. Debtor testified that he listed the other address on the petition only because he could and did for some short period of time thereafter obtain his mail there, but later obtained a post office box address near the 25 acre tract to which his mail was forwarded.

The main thrust of the Trustee's argument with Debtor's exemption claim in this real

property is that it is of a commercial character and for that reason cannot qualify as a "dwelling house" as required by the statute.  Trustee notes the Debtor concedes that this property was designed and constructed solely for commercial purposes, was used for that purpose and is zoned for that use.  Debtor contends that the character of the property is not determinative and does not preclude a homestead claim if it is owned by the Debtor and actually used by him for that purpose.

The statute does not define the phrase "dwelling house."  Neither are there any Missouri state court cases which construe the term in the context of a homestead claim for property of mixed use.[1]  This Court previously considered a similar claim in *In re Robinson*, 75 B.R. 985 (Bankr. W.D. Mo. 1987).  In that case, the debtor owned an entire city block in Gravois Mills, Missouri.  In the middle of the block was a building housing a restaurant, which had closed, and a bar. Debtor had set up living quarters in the rear of the bar, cooking his meals in the kitchen of the restaurant and sleeping in one of the other rooms.  Debtor claimed the entire building in the middle of the block as his homestead and on that basis sought avoidance of certain judicial liens.  The creditors objected to the claim based upon the commercial nature of the property.  Although he confessed some initial skepticism about the claim, Judge Koger noted that courts in numerous other jurisdictions had sustained similar claims, citing, for example, *In re Evans*, 51 B.R. 47 (Bankr. D. Vt. 1985) (sustaining claim of homestead exemption in gristmill, stable barn and storage barn).  Ultimately, the court sustained the claim of homestead exemption and

---

[1] Missouri courts have however, given a broad construction to the phrase "dwelling house" for purposes of certain criminal statutes.  *See State v. Northcutt*, 598 S.W.2d 130 (Mo. 1980) (holding that testimony indicating there was residential apartment above tavern and that tavern owner was living at the tavern in living quarters in the rear of the building, permitted jury to find that defendant was shooting into "dwelling house.")

permitted avoidance of the judgment liens on the real property observing:

> [t]here is no reason that a structure originally designed for some other purpose cannot become a debtor's homestead provided he occupy same as an owner. If there is some general rule to be extracted from all the divergent cases, it seems to be that if the owner intends the structure to be his homestead and actually lives in it, then it can be his homestead, no matter what its form or appearance or original usage.

*Robinson*, 75 B.R. at 988. *See also*, *In re Pich*, 253 B.R. 562, 566-567 (Bankr. D. Idaho 2000) (sustaining claim of homestead exemption in five acre tract containing commercial building; "Debtor's choice of abode is unusual, but residing in a structure that also houses a business does not necessarily mean the exemption is lost. . . . If a debtor has an interest in the real property and actually occupies it as a residence, the other use(s) made of the property are immaterial.")

The Trustee also contends that because the property is zoned commercial and Debtor's occupancy of the property for residential purposes is inconsistent with that designation, the property cannot be regarded as a "dwelling house" for purposes of the exemption statute. He cites no authority in support of that proposition. The Court has located a limited number of cases addressing the question, all of which reject the notion that the zoning restriction necessarily invalidates the claim of homestead. In *Pich*, the bankruptcy court addressed a claim that occupancy in violation of the zoning ordinance vitiated the claim of homestead. The court concluded that while a zoning violation might have consequences for the debtor, it did not preclude the assertion of a homestead exemption. The exempt status of the property was to be determined as of the date of filing of the petition and as of that date, his entitlement to reside on the property had not been questioned and no enforcement action had been commenced. 253 B.R. at 566-67. That court found:

> In light of the required liberality of construction of exemption statutes in favor of a

> debtor, the court finds no persuasive reason to interpret such a potential disqualifying factor as having a present disqualifying effect. The court concludes that, as presented in the instant case, the violation of zoning ordinances does not vitiate the exemption claim.

*Pich*, 253 B.R. at 567. *See also, In re Herd*, 176 B.R. 312, 314 (Bankr. D. Ct. 1994); *In re Webb*, 121 B.R. 827 (Bankr. E.D. Ark. 1990). This Court agrees with that reasoning and adopts it in this case.

Debtor asserts a homestead exemption in the aggregate equity that may exist in the entire 25 acre tract and the four buildings despite the fact that he occupies only a portion of one of the buildings. One might question whether some allocation should be made of the equity and of Debtor's right to claim a homestead exemption. That issue was raised in *Robinson*, but the court declined to rule for the reason that insufficient evidence had been presented to permit such an allocation on the facts of the case, noting as well that recent opinions may have undermined the vitality of the rule adopted in the cases partitioning the property into exempt and nonexempt portions.[2] *Robinson*, 75 B.R. at 989. This Court likewise declines to rule on the question of

---

[2]There appear to be two views as to whether the court should partition the property in the case of partial occupancy and mixed usage, one limiting the debtor's claim of homestead exemption to the space actually occupied as living quarters, carving out only that portion as exempt, the other permitting the debtor to exempt the entire structure or tract, subject to any applicable limitations. These views appear to be driven primarily by the language of the particular exemption statutes and in part by the practicalities of the situation. *See In re Trigonis*, 224 B.R. 152, 153 (Bankr. D. Nev. 1998). Among the courts that have taken the position that the homestead does not extend to portions of the property used for commercial or other non-residential uses are: *In re Bell*, 252 B.R. 562, 565 (Bankr. M.D. Fla. 2000) (disallowing claim as to commercial structure on premises); *In re Mirulla*, 163 B.R. 910, 912 (Bankr. D.N.H. 1994) (allowed only in five rooms of hotel actually occupied). Others have permitted a claim of exemption in the entire structure or tract despite the mixed usage. *In re Ruggles*, 210 B.R. 57, 60 (Bankr. D. Vt. 1997) (entire duplex, including rented portion); *In re Vizentinis*, 175 B.R. 824, 826 (Bankr. E.D.N.Y. 1994) (entire building, though debtor occupied but one of four apartments); *In re Patten*, 71 B.R. 574, 576 (Bankr. D.N.D. 1987) (entire building, though debtor occupied only second floor); *Wells v. West Greeley National Bank (In re Wells)*, 29 B.R. 688,

allocation for the reason that it was not raised in the Trustee's objection and no evidence was presented as to the separate values of the real property and buildings or regarding the square footage of the Debtor's living quarters in relation to the size of the building out of which it had been carved so as to permit the Court to make such an allocation.

### III.  CONCLUSION

For all these reasons, the Court overrules the Trustee's objection to the Debtor's claim of a homestead exemption in the real property and improvements described on his Amended Schedule C.  Although the buildings affixed to that property, in one of which the Debtor has set up living quarters, were originally designed, constructed and used for commercial purposes, that fact does not prevent the property from being considered a "dwelling house" within the meaning of the Missouri homestead exemption statute in light of Debtor's ownership and actual occupancy of the property, or a portion thereof, on the date of the filing of the petition.  Debtor's testimony that he lived there for a period starting several months prior to the filing of the petition, with all the accoutrements and activities consistent with residence, was not only uncontradicted, but corroborated.

ENTERED this 1st day of June 2005.

/s/ Dennis R. Dow
THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Jerald Enslein
Robert Ricklefs

---

690 (Bankr. D. Colo. 1983) (entire duplex, though only half occupied).